## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## OCALA DIVISION

PATRICK MCARDLE, COURTNEY
RAMSEY, and
ANTHONY CUMMINGS,
on behalf of themselves and
all others similarly situated,

       Plaintiffs,                       Case No.: 5:19-cv-461-Oc-30PRL

   v.

CITY OF OCALA, FLA.

       Defendant
_____/

### PLAINTIFFS' MOTION TO QUASH SUBPOENAS AND
### MOTION FOR A PROTECTIVE ORDER

Pursuant to Rules 45(d)(3) and 26(c) of the Federal Rules of Civil Procedure, Plaintiffs Patrick McArdle, Courtney Ramsey, and Anthony Cummings hereby respectfully move this Court for (1) an Order to quash the Defendant's subpoenas for Plaintiffs' privileged medical records and (2) an Order to protect the compelled discovery of Plaintiffs' medical history (including but not limited to the form of interrogatories, requests for production, subpoenas, and anticipated deposition questions) by Defendant City of Ocala ("Defendant" or "City"). As explained in this Motion and incorporated Memorandum of Law, Plaintiffs' medical information is protected from compelled disclosure under federal medical privacy laws and federal privileges including the psychotherapist-patient privilege. Additionally, this confidential information is irrelevant to the claims and defenses in this case and is unlikely to lead to the discovery of admissible evidence. As grounds for this motion,

1

Plaintiffs state as follows:

## **BACKGROUND**.

1. Plaintiffs filed this action on September 19, 2019, to challenge the Defendant's ordinances and policies targeting homeless individuals in ways that violate their constitutional rights under the Eighth and Fourteenth Amendments of the U.S. Constitution and Article I, section 9 of the Florida Constitution. (ECF 1.)

2. The Plaintiffs are homeless individuals living in the City of Ocala who have no choice but to sleep or rest on streets or sidewalks, or in woods, parks, or other outdoor areas in the City. They seek to represent all individuals in Ocala who are similarly situated. (ECF 16.)

3. Plaintiffs seek no damages, either related to physical injury, emotional distress, medical needs, or otherwise. Their personal medical conditions and treatments are of no consequence to the purely constitutional issues raised in this litigation. (ECF 1.)

4. Despite the Plaintiffs' U.S. and state constitutional claims that are unrelated to their personal medical history, the City wants to initiate a fishing expedition for all of Plaintiffs' medical records (including mental health and substance use treatment), without regard to scope, duration, relevancy, or privileges.

5. The Defendant's Motion to Compel Discovery of Medical History demonstrates a misunderstanding of Plaintiffs' claims and requests for relief. (ECF 19.) Plaintiffs contemporaneously file their Response in opposition to Defendant's Motion to Compel.

6. The Defendant contends in its Motion to Compel that the constitutional claims are "a political matter that the City should resolve for itself without the judicial intervention suggested by the Plaintiffs" because the City doesn't have money to provide shelter to Plaintiffs and the citizens of Ocala would not support providing shelter to homeless individuals. (ECF 19, at 12-13.) Yet politics cannot have any permissible effect on the guarantees of the U.S. and Florida Constitutions.

7. Defendant further contends that Plaintiffs' medical records are relevant to the City's defense that people are homeless solely because of their own, voluntary conduct. (*Id.* at 2-3, 13.) Defendant claims that it can't defend itself from Plaintiffs' constitutional claims if it can't use Plaintiffs' medical records to prove that Plaintiffs are homeless through faults of their own volition. (*Id.* at 13.)

8. On October 16, 2019, Defendant informed Plaintiffs that it would like to schedule their depositions for March 10, 2020. While Defendant has not yet served notice on Plaintiffs, Plaintiffs anticipate that Defendant will timely serve its Notice of Depositions for Tuesday, March 10, 2020.

9. On November 12, 2019, Defendant served its First Set of Interrogatories to Plaintiffs. In Interrogatory 6, (ECF 19, at 18-19, 26-27, 39-40), Defendant asked Plaintiffs to:

> List the names and business addresses of all physicians, medical facilities or health care providers by whom or at which you have been examined or treated in the past ten (10) years, including mental health care providers; and state as to each the dates of examination or treatment and the condition or injury for which you were examined or treated, and the name and business address of all pharmacies which have filled prescriptions issued in connection

3

with said treatment.

10. In their answers to Defendant's interrogatories, Plaintiffs objected to Interrogatory 6, (ECF 19, at 18-19, 26-27, 39-40), on the following basis:

> This question is overbroad in time and scope and not reasonably particularized. It calls for an oppressive catalogue of information (*see* Middle District Discovery Handbook IV(C)(4) at p. 18. This question calls for privileged and confidential health information protected from disclosure by federal and state medical privacy laws and federal privileges including the psychotherapist-patient privilege. Plaintiff [ ] has not placed his [or her] medical or mental health at issue and the information requested is harassing, irrelevant, and is not subject to discovery under Fed. R. Civ. P. 26(b).

11. On November 12, 2019, Defendant also served its First Requests for Production to Plaintiffs. In Request 2, Defendant asked Plaintiffs to produce:

> Any and all medical records, documents or other writings which relate to, refer to, explain or describe your physical and/or mental condition in the last ten (10) years.

12. In their responses to Defendant's Requests for Production, Plaintiffs objected to Request 2 on the following basis:

> This boilerplate question is overbroad as to timeframe and scope and not reasonably particularized to the facts and contentions of this case. *See* Middle District Discovery Handbook III(A)(1) at p. 11. This question calls for privileged and confidential health information protected from disclosure by federal and state medical privacy laws and federal privileges including the psychotherapist-patient privilege. Plaintiff [ ] has not placed her medical or mental health at issue and the information requested is harassing, irrelevant, and is not subject to discovery under Fed. R. Civ. P. 26(b).

13. Notwithstanding the above-mentioned objections and pursuant to agreed-upon extensions between the parties, Plaintiffs responded to Defendant's

4

document requests and interrogatories on December 20, 2019. Plaintiffs produced approximately 22,500 pages of documents in addition to 80 videos, ranging around 16 minutes each, or approximately 22 hours of video.

14. The written discovery requests and responses (including objections) were attached to Defendant's Motion to Compel. (ECF 19, at 15-76.)

15. Defendant's Motion to Compel specifically referenced Interrogatory #6 but did not reference Request #2 to Defendant's Request for Production. Instead, on February 18, 2020, just four business days prior to the Defendant's desired date of service of ten subpoenas, Defendant provided to Plaintiffs Notice of Serving Subpoena Duces Tecum Without Depositions to the following non-parties (Exhibit 1) two of which are homeless service providers and eight of which are medical providers:

    a. Interfaith Emergency Services
    b. Salvation Army
    c. Marion County Health Department
    d. Quad County Treatment Center
    e. The Vines Hospital
    f. The Centers
    g. Ocala Regional Medical Center
    h. West Marion Community Hospital
    i. Advent Health
    j. Marion County Jail, Medical Unit

16. In its proposed subpoenas, Defendant requested all documents related to any and all of Plaintiffs' medical conditions, regardless of scope, time, relevance, or privilege. Specifically, Defendant's proposed subpoenas commanded production of "Any and all documents, notes, reports and records related to patient [Plaintiff, date of birth, social security number], including electronically stored information or tangible things at a place within 100 miles of your place of business."

17. Defendant informed Plaintiff that it intended to serve these ten subpoenas on Monday, February 24, 2020. The date of production to the medical providers that is compelled by the subpoena is March 25, 2020.

18. On February 18, 2020 Defendant also moved to compel discovery of all of Plaintiffs' medical history. (ECF 19.) The Defendant's Motion to Compel conflicts as to the number of years of the requested medical records. The motion cites both Defendant's Interrogatory 6 (requesting 10 years of medical information) and the non-party subpoenas (unlimited in scope). (ECF 19, at 13.)

19. Defendant claims it is entitled to Plaintiffs' medical records, particularly, "discovery into any mental or substance abuse issues which the Named Plaintiffs may experience." (ECF 19 at 11.)

20. The medical information the Defendant seeks via subpoenas to medical providers is privileged, irrelevant to the claims and defenses in this case, and unlikely to lead to the discovery of admissible evidence. Plaintiffs *object* to the Defendant's document requests, requests for production, and the subpoena duces tecum to eight non-parties concerning medical records, including mental health and

substance-use records. Plaintiffs *do not object* to Defendant's subpoenas to service providers Interfaith Emergency Services or to Salvation Army. Plaintiffs advised counsel for Defendant of their objections on February 21, 2020.

21. Plaintiffs seek an order quashing the Defendant's subpoenas to the eight medical providers (Marion County Health Department, Quad County Treatment Center, The Vines Hospital, The Centers, Ocala Regional Medical Center, West Marion Community Hospital, Advent Health, Marion County Jail Medical Unit).

22. Plaintiffs also seek a protective order to prevent the compelled disclosure of (1) the medical information requested in the above-referenced written discovery requests, (2) any of the same information at the Plaintiffs' upcoming depositions, and (3) any further discovery into the subjects of Plaintiffs' medical treatments, mental-health treatments, and substance-use treatments on the basis that such inquiries are prohibited as overbroad, not reasonably calculated to lead to the discovery of admissible evidence, and protected by the psychotherapist-patient privilege.

23. As explained in the Memorandum of Law below, Plaintiffs' medical histories are protected from disclosure.

24. There is an urgent need for resolution of the Plaintiffs' rights concerning this privileged information given the anticipated depositions on March 10, 2020, the City's Motion to Compel, and the City's proposed subpoenas that seek this privileged information.

25. In a good faith effort to resolve the issues raised in this motion and with

only having a few days to act before Defendant would serve the ten non-party subpoenas, Counsel for Plaintiffs sent counsel for Defendant a letter via email on February 21, 2020. In the letter, Plaintiffs informed Defendant that they objected to the issuance of non-party subpoenas to the eight medical providers. Plaintiffs' counsel informed Defendant that they would file a Motion to Quash and a Motion for Protective Order because the subpoenas request protected health information that is privileged, confidential, and not subject to disclosure under Fed. R. Civ. Pro. 26(b)(1). Plaintiffs' counsel also served a Notice of Objection to the eight non-party subpoenas for medical records. Plaintiffs' counsel requested that Defendant advise of its position regarding the Motion to Quash and Motion for Protective Order.

26. Pursuant to Middle District Local Rule 3.01(g), counsel for Plaintiffs conferred with counsel for Defendant regarding their respective positions and the parties were unable to reach an agreement. Defendant is opposed to the granting of the relief requested by this Motion. Defendant opposes the Motion to Quash Subpoenas. Defendant opposes the entry of a Protective Order that narrows the discovery requested. Defendant does not oppose a qualifying protective order requiring they maintain and destroy medical records in accordance with HIPAA regulations.

27. Plaintiffs have limited the issue in this motion to quash to only the eight medical providers and not to the two service providers (Interfaith Emergency Services and Salvation Army). The parties require judicial assistance in resolution of the matters presented.

28. Plaintiffs have limited the issue in this motion for protective order to intrusions into Plaintiffs' medical history, including questions about medical treatment, mental health treatment, and substance-use treatment through future discovery requests and during depositions. The parties require judicial assistance in resolution of the matters presented.

WHEREFORE, Plaintiffs respectfully request that the Court enter an order quashing all subpoenas duces tecum to medical providers and enter a Protective Order precluding Defendant from any further discovery into the subjects of Plaintiffs' medical and mental-health information, substance-use treatment information, diagnoses, and treatment history.

## **MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO QUASH AND FOR A PROTECTIVE ORDER**

### I. Standard for a Motion to Quash

Rule 45 of the Federal Rules of Civil Procedure provides for when a court must quash a subpoena. A court shall quash or modify subpoenas that require "disclosure of privileged or other protected matter, if no exception or waiver applies . . . ." Fed. R. Civ. P. 45(3)(A)(iii). "The moving party bears the burden of establishing that the subpoena must be quashed." *Rodgers v. Herbalife Int'l of Am., Inc.*, 8:19-MC-115-T-35AAS, 2020 WL 263667, at *1 (M.D. Fla. Jan. 17, 2020) (granting in part a motion to quash a subpoena based on marital privilege). A party can move to quash a subpoena to a non-party if the movant alleges a "personal right or privilege" is infringed by the subpoenas. *Thomas v. Seminole Elec. Coop. Inc.*, 8:16-CV-3404-

T-35JSS, 2017 WL 2447722, at *2 (M.D. Fla. June 6, 2017) (quoting *Auto-Owners Ins. Co. v. Se. Floating Docks, Inc.*, 231 F.R.D. 426, 429 (M.D. Fla. 2005). A court may also issue a protective order to protect a party "from annoyance, embarrassment, oppression, or undue burden or expense, by forbidding the discovery, forbidding inquiry into certain matters, or limiting the scope of disclosure or discovery to certain matters." *Id.*

**II. The Defendant's Subpoenas Must be Quashed Because the Information It Requests in its Subpoenas is Protected Against Compelled Disclosure by the Psychotherapist-Patient Privilege, and is Irrelevant to Plaintiffs' Claims**

Communications between a psychotherapist and their patient related to diagnosis or treatment are confidential and protected from compelled disclosure under Rule 501 of the Federal Rules of Evidence. *Jaffee v. Redmond*, 518 U.S. 1, 15 (1996). This privilege also encompasses records of communications with social workers. *Id.* "Because of the sensitive nature of the problems for which individuals consult psychotherapists, disclosure of confidential communications made during counseling sessions may cause embarrassment or disgrace." *Id.* at 10. Effective psychotherapy requires trust. "[T]he mere possibility of disclosure of confidential communications may impede development of the relationship necessary for successful treatment." *Jaffee*, 518 U.S. at 2.

The psychotherapist-patient privilege is absolute and thus not subject to a balancing test. *Barnello v. Bayview Loan Servicing, LLC*, 6:14-cv-1383-Orl-41TBS, 2016 WL 11565523, at *3 (M.D. Fla. Mar. 11, 2016) (granting plaintiffs' motion for a

protective order and finding that the discovery sought by defendant was disproportional to the needs of the case). In *Barnello*, the court explained that for a plaintiff to waive the psychotherapist-patient privilege, she must have put her "mental condition in controversy" and allege more than merely "garden-variety," or typical, emotional distress. *Id*; *Ortiz-Carballo v. Ellspermann*, 5:08-CV-165-OC-10GRJ, 2009 WL 961131, at *2 (M.D. Fla. Apr. 7, 2009) (issuing an order protecting psychotherapist-patient records from disclosure because "[i]n order to place a party's mental condition in controversy the party must allege a specific mental or psychiatric disorder or intend to offer expert testimony to support their claim of emotional distress"). Even if a plaintiff alleges more than typical emotional distress, the Court must continue its inquiry and specifically make a finding that the discovery the Defendant seeks is relevant to a claim or defense and is proportional to the needs of the case. *Id.* at *4. In granting the plaintiffs' motion for a protective order, the *Barnello* court considered the following relevant factors, in addition to others:

    (1) whether plaintiffs were going to call an expert to testify about their suffering and mental anguish;

    (2) the amount of emotional damages plaintiffs sought;

    (3) the specific issues in the case;

    (4) how the plaintiffs acted and relied on the belief that their communications were confidential and privileged when they sought help;

    (5) whether the information defendant sought could actually be strictly

11

>> limited to matters concerning defendant;
>
> (6) whether the discovery defendant sought could cause substantial harm to plaintiffs and their relationship with their medical providers.

*Id.*

In addition to the psychotherapist-patient privilege, the scope of discovery is limited to "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *See* Fed. R. Civ. P. 26(c). Defendants are "not automatically entitled to full disclosure of all plaintiff's medical records and unrestricted as to time or circumstance simply because some level of emotional distress is claimed." *Cameron v. Supermedia*, LLC, 4:15CV315-MW/CAS, 2016 WL 1572952, at *3 (N.D. Fla. Apr. 19, 2016) (examining how "[w]hat's discoverable depends on what's claimed") (internal citations and quotations omitted).

Defendant seeks Plaintiffs' medical records to determine if they suffer from mental illness and substance-related disorders. (ECF 19 at 11.) Whether Plaintiffs suffer from mental illness or substance-related disorders is irrelevant, as Plaintiffs make no claims and request no relief related to emotional or mental distress, whether "garden-variety" or otherwise. Plaintiffs' claims rest solely on the U.S. Constitution and Florida Constitution, not their personal medical conditions.

In consideration of the first factor in *Barnello*, Plaintiffs do not plan to call an expert to testify about their suffering and mental anguish, as they have not alleged any. Also, Plaintiffs have not sought any emotional damages. Further, the specific issues in this case are whether the Defendant's policies and practices violate the Plaintiffs' constitutional rights, not whether the Defendant's actions have caused the Plaintiffs any emotional distress. Therefore, Plaintiffs' privileged medical records are of no consequence to their claims or requested relief, and of no consequence to the Defendant's alleged defenses.

Of high importance is the consideration that any treatment that Plaintiffs sought was done with the belief that those communications were confidential. Any matters for which Plaintiff sought treatment do not concern Defendant. But to the extent that the Court finds these records may concern Defendant somehow, the Defendant's request for records is extraordinarily broad, thus there is no guarantee that the information the Defendant seeks could be limited to matters of alleged relevance to this case. Finally, as the Court in *Jaffee* recognized, the disclosure of confidential and privileged psychotherapist-patient information could cause significant harm to Plaintiffs and their medical providers, as this type of information may cause embarrassment and will obstruct development of the confidence and trust necessary for successful treatment. *Jaffee*, 518 U.S. at 2, 10 (1996).

There is nothing of consequence to gain from disclosing Plaintiffs' confidential and privileged information. Plaintiffs have not placed their mental health at issue, have not waived their privilege, and any purported evidentiary value that would be

gained from the rejection of the privilege "is modest." *Jaffee*, 518 U.S. at 2 (1996).

As to Defendant's limitless (in time and scope) requests for medical records, the Defendant fails to demonstrate how various medical treatments and conditions, from sinus infections to broken bones to reproductive health procedures and everything in between, could have any modicum of relevance to the constitutional claims brought by Plaintiffs. Defendant's overbroad requests to all medical providers in Ocala, for any and every treatment Plaintiffs have ever received, are nothing but a fishing expedition meant to harass and embarrass the Plaintiffs. All eight of Defendant's subpoenas to medical providers should be quashed.

### III. Standard for a Protective Order

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that parties may obtain discovery regarding any nonprivileged matter that is relevant to the claim or defense of any party. When determining if materials are obtainable for discovery, courts consider: (1) "the importance of the issues at stake in the action," (2) "the amount in controversy," (3) "the parties' relative access to relevant information," (4) "the parties' resources," (5) "the importance of the discovery in resolving the issues," and (6) "whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.*

A party from whom discovery is sought may move for a protective order. Fed. R. Civ. P. 26(c)(1). A Court may grant a protective order to forbid discovery outright, forbid "inquiry into certain matters", and/or to limit "the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c). A Court may enter a protective

order to provide that discovery may be had only on specified terms and conditions upon motion by a party and a showing of "good cause." *See* Fed. R. Civ. P. 26(c). To demonstrate "good cause" for a protective order, the Court examines four factors: "(1) the severity and the likelihood of the perceived harm; (2) the precision with which the order is drawn; (3) the availability of a less onerous alternative; and (4) the duration of the order." *In re Alexander Grant & Co. Litigation*, 820 F.2d 352, 356 (11th Cir. 1987). The Court also balances the party's interest in obtaining access against the other party's interest in keeping the information confidential. *Id*. (citations omitted).

When granting motions for protective order as to non-privileged information, courts consider whether the requested discovery material is "overbroad in time and scope, concern communications and other information that has nothing to do with the issues raised" in the complaint, is vague, or the information sought is confidential. *Local Access, LLC v. Peerless Network, Inc.*, 617CV236ORL40TBS, 2017 WL 9613965, at *4 (M.D. Fla. Aug. 16, 2017) (granting in part a motion for protective order where the requested discovery material was not relevant to any claim or defense in this case).

**IV. Medical Information Requested by the City in its Subpoenas, Written Discovery, and Anticipated Depositions Questioning is Irrelevant and Not Reasonably Calculated to Lead to the Discovery of Admissible Evidence**

Requests for medical records must be tailored to what Plaintiffs allege to have suffered as a result of the Defendant's actions. *See Thomas v. Seminole Elec.*

15

*Coop. Inc.*, 8:16-CV-3404-T-35JSS, 2017 WL 2447722, at *3 (M.D. Fla. June 6, 2017). As discussed above, and in Response to Defendant's Motion to Compel, Defendant has not met the legal standard to justify piercing the privilege that protects mental health and substance-use treatment records from disclosure. Defendant argues that Plaintiffs' conduct related to drug or alcohol use is relevant because such use may be the cause for Plaintiffs' lack of shelter, which Plaintiffs dispute. The City doesn't need medical diagnoses and treatment information to make this defense. The factual circumstances of any inability of the Plaintiffs to access shelter at the Salvation Army due to Plaintiffs' conduct, for example, is available from the City's own records, from the Salvation Army, and from Plaintiffs themselves—not from Plaintiffs' medical records. Defendant is already seeking discovery from those other sources and Plaintiffs have not objected to such discovery.

Defendant hasn't made the necessary showing as to why it needs Plaintiffs' medical treatment history, and it cannot do so because the information is irrelevant. Whatever the reason is for the Salvation Army to deny Plaintiffs access to its shelter, this information can be obtained directly from the Salvation Army—there is no rationale for Defendant to intrude in Plaintiffs' medical records. The reasons that Salvation Army denied Plaintiffs access to its shelter are not knowable from medical records.

Additionally, Plaintiffs make no claim relating to medical conditions as a result of Defendant's actions. Even if Plaintiffs had claimed adverse medical conditions,

which they have not, Defendant must tailor its discovery request to relevant materials. As Defendant states in its Motion to Compel, the Defendant is fishing for information on Plaintiffs' mental health and substance-use treatments. The information Defendant claims it needs to support its defenses (purported mental health and substance-use treatment records) would not be contained in Plaintiffs' medical treatment history. Defendant also does not explain, or have any need for, information on any other possible medical condition of the Plaintiffs, such as a broken bone, a sinus infection, or reproductive treatment. Defendant's proposed subpoenas are completely unlimited by a timeframe or targeted at any specific information relevant to a claim or defense in this case. This intrusive and harassing discovery into personal medical matters is not justified by the needs of this case. *Sheets v. Sorrento Villas, Section 5, Ass'n, Inc.*, Case No. 8:15-CV-1674-T-30JSS, 2016 WL 11493318, at *3 (M.D. Fla. May 9, 2016) (finding good cause for protective order when discovery sought was overbroad and sought information not related to parties' claims or defenses).

    Plaintiffs respectfully request that this Court place limits on discovery to exclude not only the discovery already propounded (the proposed subpoenas and the interrogatory), but any additional intrusion through future discovery requests and depositions into Plaintiffs' medical and mental health history, including questions about diagnoses, medical treatment, mental health treatment, and substance-use treatment.

## **CONCLUSION**

Based on the foregoing reasons, Plaintiffs respectfully request that the Court enter an order quashing all subpoenas duces tecum to medical providers and enter a Protective Order precluding Defendant from any further discovery into subjects of Plaintiffs' medical and mental-health information, substance-use treatment information, diagnoses, and treatment history.

## **CERTIFICATE OF CONFERRAL**

Pursuant to Rule 26(c)(1) of the Federal Rules of Civil Procedure and Middle District Local Rule 3.01(g), Plaintiffs conferred in good faith with Defendant in an effort to resolve the dispute without court action.

Dated:       February 24, 2020            Respectfully submitted,

*/s/Jacqueline Azis*
Jacqueline Nicole Azis, Fla. Bar No.101057
ACLU Foundation of Florida
4023 N. Armenia, Suite 450
Tampa, FL 33607
(786) 363-2708
Fax: (786) 363-2708
jazis@aclufl.org

Kirsten Anderson, Fla. Bar No. 17179
TRIAL COUNSEL
Kirsten.anderson@southernlegal.org
Chelsea Dunn, Fla. Bar No. 1013541
chelsea.dunn@southernlegal.org
Jodi Siegel, Fla. Bar No. 511617
jodi.siegel@southernlegal.org
Southern Legal Counsel, Inc.
1229 NW 12th Avenue
Gainesville, FL 32601-4113
(352) 271-8890
Fax: (352) 271-8347

>Daniel Tilley, Fla. Bar No. 102882
>ACLU Foundation of Florida
>4343 W. Flagler St., Suite 400
>Miami, FL 33134
>(786) 363-2714
>dtilley@aclufl.org
>
>Andrew Pozzuto, Fla. Bar No. 887617
>Alavi & Pozzuto
>108 N Magnolia Ave Ste 600
>Ocala, FL 34475-6648
>352-732-9191
>Fax: 352-732-4892
>apozzuto@theaplawgroup.com
>ATTORNEYS FOR PLAINTIFFS

### **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served by electronic notice generated through the CM/ECF service on February 24, 2020, on all counsel or parties of record.

>/s/ Jacqueline Azis
>ATTORNEYS FOR PLAINTIFFS

19