UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
Ocala Division

PATRICK MCARDLE,
COURTNEY RAMSEY, and
ANTHONY CUMMINGS
On behalf of themselves and
All others similarly situated

        Plaintiffs,

vs.                                Case No:  5:19-cv-461-Oc-30PRL

CITY OF OCALA

        Defendant.
_____/

**DEFENDANT'S UNOPPOSED MOTION TO SEAL**
**BODY CAMERA FOOTAGE RELATED TO PLAINTIFF, COURTNEY RAMSEY**

Pursuant to Fed. R. Civ. P. 26(c)(1)(F) and Local Rule 1.09(a) Defendant, the City of Ocala (the "City") by and through the undersigned counsel, moves this Court to seal from access by the public certain body camera footage related to Plaintiff, Courtney Ramsey ("Ramsey"), and in support the City states:

1. On April 8, 2020, the City filed its Response in Opposition to Plaintiffs' Motion for Class Certification. (Doc. 34). In support, the City provided video footage of various incidents related to Ramsey and the other Plaintiffs, Patrick McArdle and Anthony Cummings, which was collected through body camera worn by Ocala Police Department ("OPD") officers while interacting with the plaintiffs.

2. Of this footage, one video concerns an interview conducted by OPD officers with Ramsey in a motel room related to a call for service made by her for a crime committed against her. On April 8, 2020, a CD containing a digital file of this video was mailed to the Court as Exhibit 8 to the City's response. The digital file is entitled "T. McBride Bodycam1.mpg."

3. On April 21, 2020, counsel for Ramsey contacted undersigned counsel over concerns[1] that this footage was confidential, and therefore exempt from public records law, pursuant to Section 119.071(2)(*l*)(2)(c), Florida Statutes.

4. After review, undersigned appreciates Ramsey's counsel's concerns and thereby requests this Court enter an order sealing this record to preclude inspection of this record by the public.

5. This motion is presented in good faith, to protect Plaintiff Ramsey from potential harm or embarrassment which may be associated with these records being made public.

## MEMORANDUM OF LAW AND ANALYSIS

### A. Standard for the sealing of court documents.

Federal Rule of Civil Procedure 26(c) provides that a court "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense" by entering an appropriate order. Local Rule 1.09(a) provides that:

> [A] party seeking to file under seal any paper or other matter in any civil case shall file and serve a motion … which includes (i) an identification and description of each item proposed for sealing; (ii) the reason that filing each item is necessary; (iii) the reason that sealing each item is necessary; (iv) the reason that a means other than sealing is unavailable or unsatisfactory to preserve the interest advanced by the movant in support of the seal; (v) a statement of the proposed duration of the seal; and (vi) a memorandum of legal authority supporting the seal.

As further described by the Eleventh Circuit in *Chicago Tribune Co. v. Bridgestone/Firestone, Inc.*, 263 F.3d 1304, 1311-12 (11th Cir. 2001):

> The prerequisite of [Federal Rule of Civil Procedure 26(c)] is a showing of "good cause" made by the party seeking protection. *See id.* Federal courts have superimposed a balancing of interests

---

[1] Ramsey's counsel also objected to this and other videos, arguing that these videos were not relevant, were unfairly prejudicial, and were improper hearsay. On April 21, 2020, Plaintiffs filed a motion related to these issues (Doc. 35), which the City will respond to in due course.

approach for Rule 26's good cause requirement. *Farnsworth v. Procter & Gamble, Co.*, 758 F.2d 1545, 1547 (11th Cir.1985) (citations omitted). This standard requires the district court to balance the party's interest in obtaining access against the other party's interest in keeping the information confidential. *Id.*

**B. It is appropriate to seal the identified record in this case.**

Like any other record created by a public entity, footage from a body camera worn by a law enforcement officer is a public record unless otherwise exempt. *See, generally,* Fla. Const. Art. I, § 24(a) ("Every person has the right to inspect or copy any public record made or received in connection with the official business of any public body, officer, or employee of the state, … except with respect to records exempted pursuant to this section or specifically made confidential by this Constitution"). Section 119.071(2)(*l*)(2)(c), Florida Statutes, however provides that: "A body camera recording, or a portion thereof, is confidential and exempt from s. 119.07(1) and s. 24(a), Art. I of the State Constitution if the recording: … is taken in a place that a reasonable person would expect to be private."

In accordance with Local Rule 1.09(a), the City provides the following information related to its request.

**(i) What is the item the City wishes to have sealed?**

The City wishes for the Court to seal the digital file entitled "T. McBride Bodycam1.mpg" which it mailed to the clerk on April 8, 2020.

**(ii) Why has the City submitted this record to the Court?**

The City has submitted the footage related to Ramsey (and the other footage) to contest the allegations that the City has an improper bias and animosity towards homeless people. Contrary to these allegations, the City seeks to establish that it has a multitude of different policies and

procedures which are implemented to assist those in need of emergency services and assistance, which overwhelmingly includes persons that are homeless.

### (iii) Why is the sealing of this record necessary?[2]

Given that the videotaped interview of Ramsey occurred in a hotel room, it is arguable that the privacy interests of Section 119.071(2)(*l*)(2)(c) apply. Moreover, given that Ramsey in this instance may be a victim of a crime, she is arguably entitled to protection from public disclosure under the Florida Constitution. *See* Fla. Const. Art. I, § 16(b)(5) ("[E]very victim is entitled to … [t]he right to prevent the disclosure of information or records that could be used to locate or harass the victim or the victim's family, or which could disclose confidential privileged information of the victim"). These concerns fair outweigh the general public's interest in these records, which are extremely limited outside of the context of this case.

### (iv) Why are there not satisfactory alternatives to the Court sealing this document?

As stated above, the City believes these records are relevant and helpful to establish necessary context of OPD's interactions with the Plaintiffs in these proceedings. In order to present these videos to the Court, the City must file the videos with the Clerk. However, if a member of the public were to access and review these videos, Ramsey's privacy and safety interests may be extinguished.

### (v) How long does the City believe this record should be kept under seal?

The City requests this document remain sealed for the duration of these proceedings. After the conclusion of these proceedings, the City would request all copies of these records be returned. to be maintained in accordance with applicable law.

---

[2] The legal authority supporting the sealing of this record (*see* the sixth requirement of Local Rule 1.09(a)) has been incorporated into this discussion.

**C. Conclusion.**

To be clear, the City does not intend to unduly embarrass or harass any party, or anyone else, in relation to these proceedings. Instead, the City merely requests the opportunity to contest the veracity of the Plaintiffs' allegations based on evidence it deems relevant to those issues. To the extent that the City can request relief from this Court relief which would address and help resolve some of these concerns, including avoiding public access to sensitive records which are otherwise deemed confidential and exempt under Florida law; it remains committed to doing just that.

WHEREFORE, Defendant, City of Ocala, hereby respectfully requests that this Court enter an order sealing from access by the public the body camera footage related to Plaintiff, Courtney Ramsey, described herein.

**Certification of Compliance with Local Rule 3.01(g)**

Counsel for Defendant has conferred in good faith with counsel for Plaintiffs and confirms that Plaintiffs' counsel does not oppose the relief sought herein.

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was served by electronic notice generated through the CM/ECF service to the following: Attorneys for Plaintiffs: Kirsten Anderson, Esquire (Kirsten.anderson@southernlegal.org), Chelsea Dunn, Esquire (Chelsea.dunn@southernlegal.org), Jodi Siegel, Esquire (Jodi.siegel@southernlegal.org), Jacqueline Nicole Azis, Esquire (jazis@aclufl.org), Daniel Tilley, Esquire (dtilley@aclufl.org) and Andrew Pozzuto, Esquire (apozzuto@theaplawgroup.com) this 22nd day of April, 2020.

BY:  s/ *Patrick G. Gilligan*  
 Patrick G. Gilligan, Esquire  
 Florida Bar No. 375454  
 Christopher A. Anderson, Esquire

                    Florida Bar No.  105696
                    Gwendolyn Pasteur Williams
                    Florida Bar No. 107205
                    GILLIGAN, GOODING, BATSEL
                    & ANDERSON, P.A.
                    1531 S.E. 36th Avenue
                    Ocala, Florida 34471
                    Telephone:  352- 867-7707
                    Facsimile:   352-867-0237
                    Primary email:       pgilligan@ocalalaw.com
                    Secondary email:    canderson@ocalalaw.com
                                                scrandall@ocalalaw.com
                    Trial Counsel

E:\CITY\Litigation\McArdle et al - Open Lodging\Motions orders\Motion to Seal Video of Ramsey 04.21.20.docx