UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

PATRICK MCARDLE, COURTNEY
RAMSEY and ANTHONY CUMMINGS,

    Plaintiffs,

v.                                                  Case No: 5:19-cv-461-Oc-30PRL

CITY OF OCALA, FL,

    Defendant.

## ORDER

Patrick McArdle, Courtney Ramsey, and Anthony Cummings, all of whom are homeless residents of the City of Ocala, are suing the City to challenge the constitutionality of its "open lodging" ordinance. Plaintiffs allege the ordinance criminalizes sleeping per se for the homeless, in violation of various constitutional provisions.

At issue here is a subpoena duces tecum that Plaintiffs served on nonparty, The Salvation Army Center of Hope ("The Salvation Army"). While the initial response was due by March 22, 2020, counsel conferred multiple times and The Salvation Army produced additional documents. Now, Plaintiffs seek to compel complete responses to Request Numbers 1-2, 4-6, and 12-13.

With respect to Request Nos. 1-2 and 4-6, The Salvation Army has produced responsive portions of the Social Services Standard Operating Guidelines Resource Manual for the Florida Division. Plaintiffs ask the Court to compel The Salvation Army to produce Ocala-specific policies. While Plaintiffs point to deposition testimony and provisions of the Florida policy manual that suggest Ocala has its own specific policies, counsel for The Salvation Army has unequivocally stated that The Salvation Army does not maintain its own manual specific to Ocala and that it has

- 2 -

produced all documents in its possession that are responsive to the subpoena. Given this representation by counsel (who is an officer of this Court), Plaintiffs' speculation that there should be more documents is unavailing.

As for Request No. 12, Plaintiffs seek documents related to the number of emergency shelter beds by population type. Counsel represents that The Salvation Army does not have any responsive documents. Counsel correctly points out that the subject discovery is not a set of interrogatories and The Salvation Army is not required to create documents which do not exist to provide the requested information.

Finally, in Request No. 13, Plaintiffs seek documents reflecting the "names of individuals who are banned or trespassed from services at the emergency shelter program for the past four years including, for example, trespass notebooks currently maintained with names of individuals currently banned or trespassed from emergency shelter services." According to The Salvation Army, it keeps trespass notebooks which are composed of trespass notices from the police department and a photograph of the individual taken from the police department's website. While Plaintiffs could likely obtain this same information from the police department, The Salvation Army has failed to raise any compelling objection or argument as to why it should not produce such notebooks to Plaintiffs. Accordingly, within **ten (10) days** of this Order, The Salvation Army shall produce its trespass notebooks to Plaintiffs. The motion is otherwise denied.

**DONE** and **ORDERED** in Ocala, Florida on July 8, 2020.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

- 3 -

Counsel of Record
Unrepresented Parties