# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# OCALA DIVISION

**PATRICK MCARDLE, COURTNEY RAMSEY and ANTHONY CUMMINGS,**

    Plaintiffs,

v.                                                                    Case No: 5:19-cv-461-Oc-30PRL

**CITY OF OCALA, FL,**

    Defendant.

## ORDER

Plaintiffs Patrick McArdle, Courtney Ramsey, and Anthony Cummings filed this action against the City of Ocala ("the City") arising from alleged constitutional violations by the City. Plaintiffs allege that because they do not have access to fixed, regular, and adequate housing, they have no choice but to sleep or rest in outdoor areas in the City. According to Plaintiffs, they have been illegally prosecuted and harmed by various City policies, which were allegedly implemented to drive homeless individuals out of the City, including the "broken windows" policing policy, where OPD officers actively identify and arrest homeless individuals for municipal ordinance violations. Although filed as a putative class action, the District Judge recently denied Plaintiffs' motion for class certification. (Doc. 98). So, the case is proceeding on the claims of the individual Plaintiffs.

The instant motion focuses on OPD's undisputed efforts in early 2019 to seek enhanced penalties for "habitual" offenders of municipal ordinances. Specifically, Plaintiffs seek to compel: (1) personal notes kept by Mayor Guinn concerning conversations he had with Marion County Judges about classifying those with multiple municipal ordinance violations as "habitual"

offenders; and (2) additional emails the City may have in its possession related to the classification of habitual offenders of municipal ordinances.[1]

Generally, parties are entitled to discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering various factors. Fed. R. Civ. P. 26(b)(1). In order to determine the scope of discovery the Courts and the parties must consider and evaluate "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* ("The parties and the court have a collective responsibility to consider the proportionality of all discovery and consider it in resolving discovery disputes." Comment, 2015 Amendment).

Because there is no dispute that OPD had the subject policy, and only one of the named Plaintiffs—Patrick McArdle—was ever designated as a "habitual" offender,[2] the Court is

---

[1] The specific requests for production are as follows:

Request No. 15 of Plaintiffs' First Request for Production"

> All documents and communications related to the City's efforts to label persons arrested for "quality of life offenses" as "habitual offenders".

Request No. 45 of Plaintiffs' Third Request for Production:

> Any documents and communications reflecting the City's collaboration, discussions, or work with the State Attorney's Office about enforcing City ordinances, including documents and communications that are reflective of efforts to label individuals as "habitual offenders" for violations of City ordinances.

[2] When McArdle was arrested for open lodging on February 26, 2019, the word "HABITUAL" was stamped on his arrest affidavit. (Doc. 16-4, at 67). At his First Appearance Hearing in the Marion County Court, the Judge noted he was "habitual." (Ex. 14, at 2:5-7). The State Attorney explained to the Judge that "[t]he City is putting, stamping, is currently putting habitual offenses for open lodging or

- 2 -

unpersuaded that the broad requested discovery is proportional to the needs of this case. Plaintiffs are only entitled to discovery directly connected to McArdle and his claims in this regard. According to Plaintiffs, such discovery would include Mayor Guinn's notes, because he testified at his deposition that he spoke with the judges before whom McArdle appeared, including the judge that McArdle appeared before during the First Appearance Hearing on his "Habitual" open lodging charge. (Docs. 79-14, at 1; 109 at 7). Plaintiffs argue that the City should also be ordered to search emails specific to McArdle and produce any mentions of him as a repeat or "habitual offender," or communications about his "habitual" cases with the State Attorney's Office.

Accordingly, the motion to compel is **GRANTED** to the extent that within **ten days** of this Order the City shall:

(1) search and produce any emails specific to McArdle that mention him as a repeat or "habitual" offender, or communications about his "habitual" case with the State Attorney's Office; and

(2) produce any portion of Mayor Guinn's notes that relate to discussions with Judge Robert E. Landt, the Judge before whom McArdle appeared during his First Appearance on his "habitual" open lodging charge.

**DONE** and **ORDERED** in Ocala, Florida on December 10, 2020.

PHILIP R. LAMMENS
United States Magistrate Judge

---

panhandling." (Doc. 79-14, at 2:8-13). When McArdle asked about the consequences of being "habitualize[d]," the Judge informed him that "it will just make you subject to a much longer prison term probably." (Doc. 79-14, at 4:23-5:3). There is no suggestion that Plaintiffs Ramsey or Cummings were ever labeled as "habitual" offenders.

Copies furnished to:

Counsel of Record
Unrepresented Parties